# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSHUA JAKE WHITE**, | Case No. 2:16-cv-323-SB |
| Petitioner, | **ORDER** |
| v. | |
| **MARK NOOTH**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation in this case on January 25, 2018. Judge Beckerman recommended that the Court deny Petitioner's Amended Petition for Writ of Habeas Corpus and dismiss the proceeding with prejudice. Judge Beckerman also recommended that the Court issue a Certificate of Appealability on whether cause exists to excuse Petitioner's procedural default of Ground Eight.

The state objects to Judge Beckerman's finding that Ground Eight is timely because it relates back to Ground Seven in Petitioner's original habeas petition and to Judge Beckerman's recommendation that the Court grant a Certificate of Appealability. Petitioner objects to Judge Beckerman's recommendation that habeas relief be denied, to her conclusion that an evidentiary hearing is not necessary, to Judge Beckerman's findings on Ground One and Six for the reasons stated in Petitioner's previous filings, and to Judge Beckerman's conclusion that cause did not

exist to excuse Petitioner's procedural default of Ground Eight. The Court has reviewed

Petitioner's original and amended habeas petitions, both sides' briefs before Judge Beckerman,

Judge Beckerman's F&R, and the parties' objections and responses.

The Court has tentatively decided to adopt Judge Beckerman's findings on Grounds One

through Seven, and her findings with respect to the timeliness of Ground Eight. The Court also

agrees that no evidentiary hearing is warranted. With respect to Ground Eight, the Court has also

tentatively concluded the following: (1) *State v. Southard*, 347 Or. 127 (2009), constituted a

change in Oregon law; and (2) based on the uncontested evidence that the prevailing professional

norm at the time of Petitioner's trial was to object to the admission of expert diagnoses of sexual

abuse absent physical evidence, the failure to object to such a diagnosis renders counsel

constitutionally inadequate.

The Court requests additional briefing whether Nurse Gibson's testimony, which did not

expressly state that she diagnosed the alleged victim with sexual abuse, in fact amounted to a

"diagnosis of sexual abuse" that would be excluded under *Southard*'s holding. The parties shall

also address whether, to the extent it was not a diagnosis of sexual abuse, Nurse Gibson's

testimony otherwise constituted an improper statement on another witness' credibility under

Oregon law at the time of Petitioner's trial. Each party shall submit, no later than April 13, 2018,

supplemental briefs addressing these issues only. Each party may then respond within two weeks

of the other party's filing. The Court shall thereafter schedule oral argument on these issues.

**IT IS SO ORDERED.**

DATED this 29th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 2 – ORDER